

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-4-2002

# In re Machne Israel

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-1962

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"In re Machne Israel " (2002). *2002 Decisions*. Paper 634.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/634

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

————

NO. 02-1962

————

IN RE: MACHNE ISRAEL, INC.
Petitioner

————

On Petition for Writ of Mandamus
(Related to United States District Court for the Eastern District of Pennsylvania
D.C. Civil Action No. 90-cv-04288 (CNN))

————

Argued May 23, 2002

BEFORE: MCKEE, STAPLETON and WALLACE,* <u>Circuit Judges</u>

(Opinion Filed October 4, 2002)

————

Nathan Lewin (Argued)
Alyza D. Lewin
Lewin & Lewin, LLP
1025 Connecticut Avenue, N.W. - Suite 1000
Washington, D.C.  20036
 Attorneys for Petitioner

Michael J. Salmanson (Argued)
Michael J. Salmanson, PC
1515 Locust Street - 10th Floor
Philadelphia, PA 19102
 Attorneys for Respondents

————

*Honorable J. Clifford Wallace, United States Circuit Judge for the Ninth Circuit, sitting
by designation.

OPINION OF THE COURT

STAPLETON, Circuit Judge:

## I.

The petitioner in this mandamus proceeding is Machne Israel, a corporation organized under the Religious Corporation Law of the State of New York. It is the corporate successor, by merger in 1994, of Machne Israel, Inc., a corporation organized under the same statute. We will refer to both hereafter as Machne Israel New York.

The petition, including its exhibits, reflects the following factual scenario. In late 2001, Machne Israel New York learned that a subpoena had been served on Chase Manhattan Bank seeking its bank records. Investigation by Machne Israel New York's counsel revealed that the subpoena had been issued by the United States District Court for the Eastern District of Pennsylvania in a case captioned Dickler v. Cigna Property & Cas. Co., No. 90-4288. Machne Israel New York had never been served with a summons or complaint, and had not participated in any way, in that law suit. Several months later, Machne Israel New York was served with discovery "in aid of execution" in the same proceeding. The judgment, the execution of which the discovery sought to facilitate, was an August 16, 2001, order of the Court directing "Machne Israel, Inc." to pay $2,874,500 with six per cent interest from July 1, 1993. The mandamus petition asks that we vacate the

August 16, 2001, order, as well as an order dated March 7, 2002, directing "Machne Israel, Inc. and its corporate successor, Machne Israel" to respond to the discovery in aid of execution.

Counsel's investigation revealed that Dickler originally involved the scope of a fire insurance policy. It was settled by the entry of a consent decree. The consent decree provided that $2,875,000 of the funds to be recovered from the insurer should be paid to "Machne Israel, Inc." for the "sole purpose of completing the construction of a certain school building in Crown Heights, Brooklyn, New York which is to be named and known as the 'Dr. Abraham and Pauline Kates and Dr. Edward Wasserman Building of the Campus CHOMESH Beth Rivka School.'" Dickler v. Cigna Prop. and Cas. Co., 1996 U.S. Dist. Lexis 11156, *6-7 (E.D. Pa. Aug. 2, 1996).

"Machne Israel, Inc." was a party to the consent decree. Frederic Goldfein, Esquire, signed on its behalf. Mr. Goldfein has now submitted an affidavit, however, insisting that (1) he did not represent, and has not ever represented, Machne Israel New York; (2) his only client was Machne Israel of Philadelphia, a distinct corporation organized under the Non-Profit Corporate Law of the State of Pennsylvania; (3) the identification of "Machne Israel, Inc." in the consent decree was a misnomer for Machne Israel of Philadelphia; (4) the funds from the settlement were wired to Machne Israel of Philadelphia; (5) all funds received were used by Machne Israel of Philadelphia for the construction of the Kates-Wasserman portion of Campus CHOMESH; and (6) all funds applied by Machne Israel of Philadelphia for that purpose are evidenced by checks drawn on

3

its bank accounts.

The beneficiaries of the District Court's August 16, 2001, order filed a response to the mandamus petition. They insist that Machne Israel New York, not Machne Israel of Philadelphia, was a party to the consent decree, participated in the post-decree phases of the Dickler litigation, and thereby subjected itself to the jurisdiction of the District Court. In support of their position, they reference 1996 testimony in the Dickler case of the project manager and the architects of the Beth Rivka Building Project indicating that each was engaged by "Machne Israel, Inc."

II.

A writ of mandamus is an extraordinary remedy and may be granted only if the petitioner "lack[s] adequate alternative means to obtain the relief [it] seek[s]." Mallard v. United States, 490 U.S. 296, 309 (1989). We conclude that such means exist here and, accordingly, will deny the petition.

Petitioner insists that resisting execution of the August 16, 2001, judgment in a New York court is an unsatisfactory remedy because the existence of judgment alone causes irreparable injury to it and its fund raising efforts. Petitioner further insists that any form of application for relief to the District Court for the Eastern District of Pennsylvania would subject it to the personal jurisdiction of that court and would therefore be self-defeating. We agree with petitioner that resistance to execution of the judgment would not afford complete relief. We are confident, however, that petitioner can safely apply to the District Court for the relief it seeks without subjecting itself to the jurisdiction of that

4

court so long as it expressly enters a special appearance in accordance with the procedure

endorsed by the United States Supreme Court in Harkness v. Hyde, 98 U.S. 476 (1878).

Where the rules of court provide a means of raising lack of personal jurisdiction without

subjecting the applicant to the jurisdiction of the court, the rules supercede the special

appearance procedure. Orange Theatre Corp. v. Playherstz Amusement Corp., 139 F.2d

871, 874 (3d Cir. 1944). As the Supreme Court recognized in Harkness, however, in the

absence of such a rule of court, a special appearance process is necessary in order to

preserve the principle that a court must acquire personal jurisdiction over a defendant in

order to adjudicate a claim against him.

That does not end the matter, however, because petitioner, when making a

special appearance, must be able to point to something conferring on the court the authority

to grant the requested relief.

To the extent petitioner seeks relief from the discovery in aid of execution,

Fed. R. Civ. P. 26(c) would authorize the District Court to grant a protective order that such

"discovery not be had." Petitioner's chances of success using such an approach would be

insubstantial, however, if petitioner were unable to secure relief from the outstanding

judgment. Accordingly, we now turn to that issue.

> Rule 60(b) provides in part:
>
> On motion and upon such terms as are just, the court may
> relieve a party or a party's legal representative from a final
> judgment, order, or proceeding for the following reasons: (1)
> mistake, inadvertence, surprise, or excusable neglect; . . . (3)
> fraud (whether heretofore denominated intrinsic or extrinsic),

> misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; . . . or (6) any other reason justifying relief from the operation of the judgment. . . . This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, . . . or to set aside a judgment for fraud upon the court. Writs of coram nobis, coram vobis, audita querela, and bills of review and bills in the nature of a bill of review, are abolished, and the procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action.

Fed. R. Civ. P. 60(b).

As petitioner emphasizes, Rule 60(b) speaks only of granting relief from judgment to "a party or a party's legal representative." This is hardly surprising since it is the rare case indeed in which someone other than a party or his proxy can be affected by a judgment and thus has some need for relief from it.[1] But we are far less confident than petitioner that it should be regarded as a non-party for the purposes of Rule 60(b). While we understand its position that it has not been a party to the Dickler proceeding nor made an appearance in that proceeding, from the perspective of the judicial record that it seeks to correct, it is a party. Its status as a party occasions its need for relief. Given this fact and its implications for petitioner, we are confident that the drafters of Rule 60(b) would have considered petitioner to be a party for purposes of the rule. Accordingly, we hold that a

---

[1]The interests of non-parties can be affected by a judgment, and at least one Court of Appeals held that an affected non-party may move for relief under Rule 60. See Dunlop v. Pan American World Airways, 672 F.2d 1044, 1051-52 (2d Cir. 1982). We have spoken favorably about this approach, but we have never applied it in a case analogous to the one before us. See Binker v. Pennsylvania, 977 F.2d 738, 745 (3d Cir. 1992); In re Fine Paper Antitrust Litigation, 695 F.2d 494, 499 n.4 (3d Cir. 1982).

6

person or entity in the position of Machne Israel New York has a remedy under Rule 60(b).

Moreover, even if Rule 60(b) did not provide a remedy, the District Court would nevertheless be authorized to grant the relief sought. The rule expressly preserves the authority of a District Court to entertain an independent equitable action for relief from one of its judgments.[2] "Unlike a motion for relief under Rule 60(b) . . . an 'independent action' . . . may be brought by one who was not a party to the original action." Morrell v. Nationwide Mut. Fire Ins. Co., 188 F.3d 218, 222 (4th Cir. 1999); 7 James William Moore, Moore's Federal Practice, ¶ 60.36 at 60-369 (2d ed. 1996). Moreover, if an independent action is brought in the court rendering the judgment, there is ancillary jurisdiction over the action despite the absence of another basis of federal jurisdiction. Pacific R.R. of Missouri v. Missouri Pac. Ry. Co., 111 U.S. 505, 521-22 (1884); 11 Charles Alan Wright, et al., Federal Practice and Procedure § 2868, at 403 (2d ed.1995). While an independent equitable action for relief from judgment may only be employed to prevent manifest injustice, if the facts alleged by petitioner are true and Rule

---

[2]The elements of an independent action in equity for relief from judgment were summarized by the Eighth Circuit Court of Appeals in Nat'l Sur. Co. of New York v. State Bank of Humboldt, 120 Fed. 593, 599 (8th Cir. 1903):

> The indispensable elements of such a cause of action are (1) a judgment which ought not, in equity and good conscience, to be enforced; (2) a good defense to the alleged cause of action on which the judgment is founded; (3) fraud, accident, or mistake which prevented the defendant in the judgment from obtaining the benefit of his defense; (4) the absence of fault or negligence on the part of the defendant; and (5) the absence of any adequate remedy at law.

7

60(b) does not authorize a motion by one in petitioner's position, this requirement is met. Accepting petitioner's facts, the judgment of the District Court was entered in violation of the Due Process Clause of the United States Constitution and cannot stand.

Petitioner undoubtedly filed its petition in this court not only because of a concern about involuntarily subjecting itself to the jurisdiction of the District Court but also because a closely related appeal was currently before us.[3] The District Court is far better suited than we, however, to determine whether petitioner is entitled to relief from the judgment of August 16, 2001. Many of the relevant facts took place during proceedings before it. Moreover, it is apparent that material disputes of fact exist that should be resolved only on a fully developed record. The District Court is fully authorized to entertain the applications before us, to develop the record, and to resolve the conflict.

---

[3]See Dickler v. Cigna Prop. and Cas. Co., No. 01-3534 (3d Cir., filed contemporaneously with this opinion).

Petitioner has requested that, if this case is remanded to the District Court, it be reassigned to another judge. In its motion asking for this relief, petitioner relied solely on the fact that Judge Newcomer, with knowledge of the proceedings in this court, authorized registration of the judgment against Machne Israel, Inc., with a federal district court in New York. We fail to perceive any evidence of bias in this judicial act of Judge Newcomer. When he was asked by motion to provide this authorization, no stay of the judgment had been sought by Machne Israel, Inc., from either the District Court or this court and Judge Newcomer had no legitimate basis to deny the relief sought.

In a post-argument letter, petitioner sought to support its request for recusal with an additional argument. It suggested that there was evidence of bias on the part of Judge Newcomer in his failure to hold a hearing once he was presented with Mr. Goldfein's affidavit. We are unpersuaded.

Mr. Goldfein's unsworn and undated affidavit was submitted to the court in connection with an application to amend a judgment requiring Beth Rivka to repay the $2.8 million. The application sought to have several entities associated with Beth Rivka ordered to repay these funds as well. The court scheduled a hearing on this application, which was aborted because Beth Rivka's counsel and Mr. Goldfein failed to appear at the appointed hour. The court ultimately denied the application because it concluded that it had no jurisdiction over Beth Rivka or its associated entities. While the court's order of August 16, 2001, directed "Machne Israel, Inc." to repay the $2.8 million in accordance with the

express directive of the consent decree, Machne Israel New York was not then before the court contending that the use of "Machne Israel, Inc." in that decree was a misnomer. Judge Newcomer has never had what petitioner refers to as the "Machne Israel identity issue" before him and we perceive no basis for believing that he will fail to resolve that issue fairly and impartially when and if it is presented to him.

We decline to require reassignment of this case on remand in No. 01-3534.[4]

IV.

The petition for a writ of mandamus will be denied.

---

[4]Petitioner has also applied for an order staying the District Court's order of May 13, 2002, which authorized registration of the August 16, 2001, judgment in New York. We will deny that application without prejudice to petitioner's right to apply to the District Court for relief in connection with any attempted enforcement of that judgment.

_____

TO THE CLERK:

      Please file the foregoing not precedential opinion.

                       /s/ Walter K. Stapleton
                       Circuit Judge