

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-7-2002

# Dickler v. Cigna Prop Cslty Co

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-3534

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Dickler v. Cigna Prop Cslty Co" (2002). *2002 Decisions.* Paper 637.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/637

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 01-3534

_____

STEWART DICKLER; BEECH TREE RUN, INC.;
WANTAGH UNION FREE SCHOOL DISTRICT

v.

CIGNA PROPERTY AND CASUALTY COMPANY,

Beech Tree Run Inc. and
Judith A. Kates,* Appellants

*Pursuant to F.R.A.P. 12(c)

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
D. C. Civil No. 90-cv-04288
District Judge: Hon. Clarence C. Newcomer

_____

Argued: May 23, 2002

_____

Before: McKEE, STAPLETON and WALLACE* <u>Circuit Judges</u>.

(Opinion Filed: October 4, 2002)

Michael J. Salmanson (argued)
1515 Locust Street
Philadelphia, PA 19102
    _Counsel for Appellants Beech Tree Run, Inc. and Judith A. Kates._

_____

    *The Honorable J. Clifford Wallace, United States Court of Appeals for the Ninth
Circuit, sitting by designation

Zachary L. Grayson (argued)
Grayson & Goldin
1604 Locust Street, 2nd Floor
Philadelphia, PA 19103
    *Counsel for Appellee Friends of Associated Beth Rivka Schools For Girls, Inc.*

————————

OPINION OF THE COURT

————————

McKEE, Circuit Judge.

Appellants Beech Tree Run, Inc. and Judith A. Kates, as Executrix of the Estate of the late Lewis Kates Esq., appeal the District Court's order of August 16, 2001, in which that court granted the Motion to Amend Judgment filed by Friends of Beth Rivka Schools for Girls, Inc. ("Beth Rivka"), thereby vacating the court's prior order of March 19, 1998 insofar as it applied to Beth Rivka. The court granted the Motion to Amend based upon its conclusion that Beth Rivka's presence negated diversity of citizenship.[1] The court concluded that it therefore could not order Beth Rivka's compliance with the June 24, 1993 "Proceeds Stipulation." This appeal followed. For the reasons that follow, we will reverse.[2]

————————————

[1] Beth Rivka, like plaintiffs, is a New York entity. Defendant Cigna is a Pennsylvania entity, and defendant Pacific Employers Insurance Company is a California entity.

[2] We have jurisdiction pursuant to 28 U.S.C. § 1291. The district court had diversity jurisdiction over the underlying lawsuit pursuant to 28 U.S.C. § 1332.

Neither Wantagh Union Free School District or CIGNA Property and Casualty Company participated in this appeal. We also note Machne Israel Inc. has petitioned for a writ of mandamus concerning the same court order at issue here. *See In re: Machne Israel, Inc.*, No. 02-1962, argued May 23, 2002. Although this opinion necessarily refers to Machne Israel in discussing the underlying facts of this case, we express no view here as

2

I.

Inasmuch as we write only for the parties and the District Court, we need not reiterate the protracted and tortured history of this dispute except insofar as it may assist our brief discussion of the jurisdictional issue before us, and place our analysis in context.

This saga originally involved a fairly typical dispute over insurance proceeds purportedly owed under an insurance policy on real estate in New York. It has festered into a dispute that the district court aptly characterized as "extremely litigious, angry, and bitter." *Dickler v. Cigna Property and Cas. Co.*, 1998 WL 126938, at \*1 (E.D. Pa. March 19, 1998). Despite its protracted nature, and the underlying charitable purposes the parties profess to advance, the prospects for the amicable resolution of this litigation in the foreseeable future are no brighter than its dim history.

The insurance phase of this lawsuit was settled nearly a decade ago when, on June 24, 1993, the District Court entered an order entitled "Stipulation Re: Allocation of Proceeds of Settlement." Appellants and Machne Israel, Inc. signed that "Proceeds Stipulation."

The Proceeds Stipulation required Machne Israel to build a school within a specified time frame and provided that Appellants would contribute $2,875.000.00 for this purpose. The Stipulation provided that Machne Israel would repay the funds to Appellants if the building was not completed within the specified time frame. In a prior appeal, we held that

_____

to the disposition of the Machne Israel petition which will be decided independently.

3

the Proceeds Stipulation was the functional equivalent of a consent decree, and we approved the Stipulation. *See Dickler v. CIGNA Property and Casualty Co.*, Nos. 96-1809 and 96-1935, slip op. at 5 (3d Cir. September 24, 1997).

II.

The issue before us is whether the District Court correctly concluded that it lacked subject matter jurisdiction to enforce the reversion provision of the Proceeds Stipulation and order Beth Rivka to repay the funds it had received to build the still uncompleted school. The District Court reached that conclusion with understandable reluctance inasmuch as it gave Beth Rivka a substantial windfall.

As the District Court correctly noted, "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994) (citations omitted). Within that jurisdiction, however, the district courts have inherent power to modify and enforce compliance with properly entered consent decrees. *See Holland v. New Jersey Dept. of Corrections*, 246 F.3d 267, 277 (3d Cir. 2001); *see also Spallone v. United States*; 493 U.S. 265, 276 (1990); *United States v. United Shoe Mach. Corp.*, 391 U.S. 244, 248-49 (1968).

Here, the District Court entered an order stating that the Proceeds Stipulation was "approved and *shall be enforceable as a Final Order*." App. at 42 (emphasis added). That order was therefore structured so that "a breach of the agreement would be a violation of the order, and ancillary jurisdiction to enforce the agreement would therefore exist."

4

*Kokkonen*, 511 U.S. at 381.  Thus,  the District Court incorporated language "retaining

jurisdiction" into the consent decree.  *See id.*

However, Beth Rivka seeks to escape the court's ability to enforce the settlement by

arguing that the court lacked subject matter jurisdiction to enforce the Stipulation against it

given its common residency with plaintiffs.  Beth Rivka's argument is identical to one we

rejected in *Lasky v. Continental Products Corp.*, 804 F.2d 250, 254 (3d Cir. 1986).[3]

There, we held that the district court's authority to grant a Rule 60(b)  motion to allocate

funds under a consent decree was ancillary to its authority to approve the decree, and the

court's jurisdiction was therefore not destroyed by the nondiversity of the party seeking the

modification.   We stated:

> The power of a court to enter a consent decree emanates from
> its authority to adjudicate the rights of the parties in the first
> instance.   The authority thereafter to modify the consent
> decree similarly derives directly from the court's initial
> exercise of jurisdiction over the dispute.   Put otherwise, a
> court has inherent power to modify a consent decree that it
> initially had the power to approve.    Thus, jurisdiction over
> appellant's motion to allocate is not contingent upon the
> diversity of the parties seeking modification of the consent
> decree.   Rather, the district court's power to consider the
> motion at all is based on the consent decree itself which was
> properly entered pursuant to the court's diversity jurisdiction.

*Lasky*, 804 F.2d at 254 (citations omitted).

Here, it is clear that the court had the initial authority to approve the Proceeds

---

[3] Ironically, we began our discussion in *Lasky* as follows: 'This unfortunate appeal is
again before us for resolution due to the parties' inability to reach a prompt settlement of
their dispute." 804 F.2d at 251-2.  We could say the same here.

Stipulation, and we affirmed the district court in a prior appeal. Accordingly, Beth Rivka's residency is irrelevant.

Furthermore, though conceded on appeal, we hold that the District Court could properly exercise *in personam* jurisdiction over Beth Rivka and thereby enforce the reversion in the Proceeds Stipulation. At oral argument counsel for Beth Rivka conceded that it willingly subjected itself to the authority of the District Court, and it could hardly argue otherwise. Though not a "party," it has fully involved itself in this litigation. Beth Rivka has even taken an appeal from prior orders of the district court, and argued those orders before this court. It has never sought to limit its appearance to contest the court's *in personam* jurisdiction over it. Accordingly, the District Court clearly had *in personam* jurisdiction over Beth Rivka, and its order of March 19, 1998 was ancillary to the subject matter jurisdiction it had when it approved the Proceeds Settlement.

### III.

Therefore, we will reverse the order of August 16, 2001, and remand the matter to the District Court so that it may entertain the application pending before it.

_____

TO THE CLERK:

Please file the preceding not precedential opinion.

/s/Theodore A. McKee

6

WALLACE, Senior Circuit Judge, concurring:

I concur with the majority opinion, but write separately to clarify that our ancillary jurisdiction is limited to the district court's ability to enforce the consent decree against Beth Rivka. See Lasky v. Continental Products Corp., 804 F.2d 250, 254 (3d Cir. 1986). Although the district court held that Beth Rivka was not a party to the consent decree, the district court has the power to enforce the decree against Beth Rivka. Previously, the district court found that Appellants formally assigned to Beth Rivka their right in all proceeds which were or became due from the insurer in Appellants' action then pending against the insurer. Dickler v. Cigna, No. 90-4288, 1996 WL 437048, at 1* (E.D. Pa. Aug. 2, 1996). It was these proceeds that were distributed by the consent decree. Beth Rivka is thus bound by the consent decree, though it is not a party. Golden State Bottling Co. v. NLRB, 414 U.S. 168, 179 (1973); Behrens v. Skelly, 173 F.2d 715, 718-19 (3d Cir. 1949) (applying New York law); United States v. Premises Known as 2930 Greenleaf Street, Allentown, PA, 920 F.Supp. 639, 645-46 (E.D. Pa. 1996) (applying Pennsylvania law); 18A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 4462 (2d ed. 2002).