

Villanova University School of Law
Villanova University School of Law Digital Repository

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-24-2004

# Dickler v. Cigna Prop Cslty Co

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-1434

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Dickler v. Cigna Prop Cslty Co" (2004). *2004 Decisions.* Paper 332.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/332

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No: 03-1434

STEWART DICKLER;
BEECH TREE RUN INC;
WANTAGH UNION FREE
SCHOOL DISTRICT

v.

CIGNA PROPERTY AND CASUALTY
COMPANY;
PACIFIC EMPLOYERS INSURANCE
COMPANY


*Friends of Beth Rivka School, Inc.

Appellant

*{Pursuant to Rule 12(a)}

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(Civil Action No. 90-cv-04288)
District Judge: Hon. Clarence C. Newcomer

Before: McKEE, *Circuit Judge*, and ALDISERT and
GREENBERG, *Senior Circuit Judges*

Submitted under Third Circuit LAR 34.1(a)
September 23, 2004

(Opinion filed: September 24, 2004)

OPINION

McKEE, *Circuit Judge*.

This case has been before us five times previously. In its sixth, and we hope its final appearance, Friends of Associated Beth Rivka School for Girls, Inc., appeals the district court's order finding Friends of Associated Beth Rivka School for Girls jointly and severally liable with Machne Israel, Inc., for a reversion due under the terms of a consent decree. For the reasons that follow, we will affirm.

## I. FACTS AND PROCEDURAL HISTORY[1]

In 1986, Stewart Dickler, a resident of the State of New York, contracted to purchase a former schoolhouse, the Sunrise Park Elementary School, from the Wantagh Union Free School District in New York. However, before closing a substantial portion of the schoolhouse was destroyed by a fire. Wantagh assigned its rights to the proceeds of any insurance recovery to Dickler, and Dickler in turn assigned those rights to Beech Tree Run, Inc., a corporation he formed with two associates to develop the Wantagh property.[2]

Dickler and Beech Tree instituted suit in the district court[3] against CIGNA, the insurance carrier, to recover under the insurance policies assigned by Wantagh. The district court initially awarded compensatory damages of $7,381,490. On appeal, we held

---

[1]The rather tortured history is taken from the parties' briefs, the district court's prior opinions and our prior opinions.

[2]Beech Tree was incorporated on August 22, 1988 in the State of New York and was dissolved voluntarily on May 4, 1994. It has since been reincorporated.

[3]The district court had diversity jurisdiction pursuant to 28 U.S.C. § 1332.

2

that the district court overestimated the building's replacement cost, which we calculated

to be $5,389,208, and remanded so that the district court could subtract from that sum the

amount of physical depreciation to the building. *Dickler v. Cigna Property and Cas. Co.*,

957 F.2d 1088 (3d Cir. 1992).

On remand, Dickler and Beech Tree discovered a previously undisclosed

endorsement to the policy which provided for reconstruction costs if the proceeds were to

be used to build another school. Upon Dickler's and Beech Tree's motion, we recalled

our mandate to permit the district court to adjudicate Dickler's and Beech Tree's claims

under the reconstruction endorsement and for punitive damages based on a fraudulent

concealment theory. *Dickler v. Cigna Property and Cas. Co.*, Nos. 91-1302/1357.

CIGNA settled these additional claims on June 23, 1993, for $3,600,000. The settlement

agreement did not allocate the sum as between the reconstruction endorsement claim and

the punitive damages claim.

However, before CIGNA settled, Dickler and Beech Tree, on August 27, 1992,

assigned their rights to any recovery pursuant to the reconstruction endorsement claim

(but not pursuant to the punitive damages claim) to Machne Israel, Inc., and Friends of

Associated Beth Rivka Schools, Inc., subject to the terms and conditions of an agreement

executed at the same time as the assignment. Under the assignment, Dickler and Beech

Tree assigned:

> as a contribution to [Machne Israel and Beth Rivka] all of [its] rights, title
> and interest in and to any and all proceeds now due or to become due from

3

> CIGNA pursuant to the right to rebuild as a result of the fire on June 17, 1988 to [Machne Israel and Beth Rivka] as those proceeds have been determined or may be determined by the United States District Court for the Eastern District of Pennsylvania . . . and by the Third Circuit Court of Appeals . . . .

The assignment was made subject to the terms and conditions of an Agreement executed on the same day as the assignment. The August 27, 1992 Agreement provided that Machne Israel and Beth Rivka would "use the proceeds assigned to construct a school in the Crown Heights section of Brooklyn, New York containing approximately 54,000 square feet . . . and that the School shall be . . . named in honor of Dr. Abraham and Pauline Kates and Dr. Edward Wasserman . . . ." Finally, the August 27, 1992 agreement stated that "[s]hould . . . a recovery from CIGNA be obtained as a result of this assignment and no school be built and/or no school named as aforesaid be built with the proceeds . . ., Lewis Kates shall be paid a fee for services rendered equal to 35% of the gross recovery obtained." Lewis Kates was the attorney for Dickler and Beech Tree. The Agreement contained no time constraints regarding the start of construction of the school or its completion.

On June 23, 1993, after settling the insurance coverage dispute with CIGNA, Dickler and Beech Tree entered into a stipulation with Machne Israel allocating the proceeds between monies attributable to the reconstruction endorsement claim and those attributable to the punitive damages claim. The Proceeds Stipulation provided that Dickler and Beech Tree would retain $725,000, attributed to the punitive damages claim,

4

and that there

> shall be paid to Machne Israel, Inc., the gross sum of $2,875,000.00 for the sole purpose of completing the construction of a certain school building in Crown Heights, Brooklyn, New York which is to be named and known as the "Dr. Abraham and Pauline Kates and Dr. Edward Wasserman Building["] of the Campus CHOMESH Beth Rivka School and for no other purpose and name. Should construction of the said school not be recommenced on or before June 1, 1994, and not be completed, so named and placed in use as a school by December 31, 1995, this gift shall lapse and the net proceeds of this gift . . . shall be repaid by Machne Israel, Inc. to Beech Tree Run, [I]nc.

The Proceeds Stipulation also provided that

> Lewis Kates and Lewis Kates Law Offices waive their fee, which is agreed to be 35% of the gross recovery allocated and given to Machne Israel, Inc. so long as all of the conditions concerning the construction and naming of the school building . . . be complied with. Should there be a failure to comply with any of the condition[s], Machne Israel, Inc. shall forthwith pay the Lewis Kates a fee of $997,500.00 plus interest on said sum computed at 6% per annum from July 1, 1993 to the date of payment.

Machne Israel was a signatory to the Proceeds Stipulation, but Beth Rivka was not.

By order dated June 24, 1993, the district court approved the Proceeds Stipulation subject to our approval. We approved the Proceeds Stipulation by order dated July 2, 1993. In a subsequent appeal, we referred to the Proceeds Stipulation as "the functional equivalent of a consent decree." *Dickler v. Cigna Property and Cas. Co.*, No. 98-1325 (3d Cir. July 15, 1999), slip op. at 5.

On January 26, 1996, Dickler and Beech Tree, joined by Kates, moved the district court to enforce the Proceeds Stipulation, arguing that the construction of the school had not been completed as required by the conditions set forth in the Proceeds Stipulation.

5

The district court exercised its equitable powers to modify the Proceeds Stipulation to provide for a completion date of May 15, 1997, and declined to award the relief sought by Dickler, Beech Tree and Kates. They appealed and we affirmed the district court's exercise of its equitable authority to reform the Proceeds Stipulation. *Dickler v. Cigna Property and Cas. Co.*, No. 96-1809 (3d Cir. 1997).

In October 1997, Dickler, Beech Tree and Kates once again moved the district court to enforce the modified Proceeds Stipulation, alleging that the construction of the school had not been completed by the extended deadline. This time the district court agreed with Dickler and Beech Tree. On March 19, 1998, it entered an order (the "Enforcement Order") directing Beth Rivka to repay Beech Tree the sum of $1,877,500 and to pay the executors of Kates's estate[4] the sum of $997,500 plus interest as set forth in the Proceeds Stipulation.

Beth Rivka appealed the Enforcement Order, but we affirmed the district court, rejecting its argument (raised for the first time on appeal) that the reversionary clauses in the Proceeds Settlement were unenforceable penalties and holding that the district court did not err by enforcing the terms of the agreements between the parties. *Dickler v. Cigna Property and Cas. Co.*, No. 98-1325 (3d Cir. July 15, 1999).

When Beech Tree attempted to execute on the judgment, it discovered that the writ of execution would be ineffective because the subject property was being held not only in

---

[4]Kates died on January 11, 1998, before the district court disposed of the motion.

6

Beth Rivka's name, but also in the names of various Beth Rivka-related entities. Consequently, Beech Tree moved the district court, pursuant to Fed.R.Civ.P. 60, to amend the Enforcement Order it entered on March 19, 1998 by adding the names of the Beth Rivka-related entities. However, the district court never addressed the motion to amend on the merits as to the Beth Rivka-related entities. Instead, on August 16, 2001, it issued an order (the "Jurisdictional Order") granting an intervening motion by Beth Rivka to vacate the Enforcement Order against it for lack of jurisdiction. Beth Rivka contended that because it was, like Dickler and Beech Tree, a New York entity, its presence made the parties non-diverse and destroyed the district court's diversity jurisdiction. Beth Rivka also argued that because it was not a party to the Proceeds Stipulation, the district court lacked jurisdiction over it. The district court agreed with Beth Rivka and vacated the Enforcement Order to the extent it required repayment by Beth Rivka.[5]

Beech Tree appealed the Jurisdictional Order. We reversed, finding that Beth Rivka's presence did not negate diversity of citizenship, and ordered reinstatement of the Enforcement Order holding Beth Rivka liable for the reversion. *Dickler v. Cigna Property and Cas. Co.*, No. 01-3534 (3d Cir. October 4, 2002).

Subsequently, the district court entered an order on January 24, 2003, holding Beth

---

[5]However, the district court did, as Beech Tree requested in its Rule 60 motion, amend the Enforcement Order to require Machne Israel, Inc., to repay Beech Tree the amount of $1,877,500 and to pay the executors of Kates's estate the amount of $997,000 plus interest as required by the Proceeds Stipulation.

Rivka and Machne Israel, Inc., "jointly and severally" liable for the reversion.[6] Beth

Rivka then filed a timely appeal.[7]

## II. DISCUSSION

Beth Rivka frames the issue on appeal as follows:

Did the [district court] err in entering an order finding Machne Israel, Inc. and Friends of Associated Beth Rivka "jointly and severally liable" on a judgment not in tort without making any factual findings regarding the relationship between Machne Israel, Inc. and Friends of Associated Beth Rivka?

In framing the issue this way, Beth Rivka is really making a claim that it is not liable to repay the entire amount of the reversion pursuant to the terms of the Proceeds Stipulation. But, because Beth Rivka has never raised the issue of apportionment of liability in the district court, the time for making that claim has long since passed.

On March 19, 1998, the district court entered the Enforcement Order, directing

---

[6]On May 8, 2003, the district court issued an order placing the case and all outstanding motions in "CIVIL SUSPENSE pending the Third Circuit's disposition" of Beth Rivka's appeal. Further, on October 20, 2003, the district court issued an order vacating that part of the January 23, 2003 order "to the extent that it grants relief to the executors of the Estate of Lewis Kates and Lewis Kates Law Offices." The order noted: "This Order is based on the acknowledgment by the Estate of Lewis Kates, Lewis Kates Law Office, and Machne Israel of Philadelphia that the terms of the Proceeds Stipulation have been met or waived as they relate to the Kates Parties."

[7]For the sake of completeness, we note that Machne Israel filed a petition for mandamus with us seeking relief from the Enforcement Order as amended by the district court on August 16, 2001. *See* n.5, *supra.* We denied the petition, holding that any request by Machne Israel for relief from the Enforcement Order against it had to be addressed to the district court in the first instance. *In re: Machne Israel, Inc.*, No. 02-1962 (3d Cir. October 4, 2002).

Beth Rivka alone to make the reversion payments in accordance with the terms of the Proceeds Settlement. Beth Rivka appealed that order, but we affirmed the district court in July of 1999. Significantly, not once during the period of time prior to the district court's Enforcement Order and before our affirmance of the Enforcement Order did Beth Rivka claim that Machne Israel might be partially liable for the reversionary payment. In fact, in the district court, Beth Rivka conceded that any distinction between it and Machne Israel was of no consequence. In a submission in opposition to Dickler's and Beech Tree's second motion to enforce the Proceeds Stipulation, which precipitated the Enforcement Order, Beth Rivka represented:

> The owner of the school building under construction is and was Friends of Associated Beth Rivka School for Girls, Inc. (formerly named Friends of Beth Rivka School for Girls, Inc.). *The averments regarding Machne Israel vs. Beth Rivka are irrelevant since the school, which was the intended recipient of the gift*, is the very school which is now completed. (emphasis added).

Furthermore, when we reversed the district court's August 16, 2001 Jurisdictional Order on October 4, 2002, we ordered reinstatement of the March 19, 1998 Enforcement Order directing Beth Rivka to pay the full amount of the reversion. In that order, we directed the district court to "entertain the applications before it." However, on remand, Beth Rivka never applied to the district court seeking an apportionment of liability between it and Machne Israel.[8] Not did it move for relief under Fed.R.Civ.P. 60(b) after

---

[8]By way of an aside, we question, but do not decide, Beth Rivka's standing to contest the district court's imposition of joint and several liability on it and Machne Israel. We

the district court entered the order imposing joint and several liability.

Absent exceptional circumstances, an issue not raised in the district court will not be heard on appeal. *Fleck v. KDI Sylvan Pools, Inc.*, 981 F.2d 107, 116 (3d Cir. 1992). Exceptional circumstances exist when the public interest requires that the issue be heard or when a manifest injustice would result from the failure to consider the new issue. *Id.* (citation omitted). Since Beth Rivka has conceded that any distinction between it and Machne Israel is irrelevant, we find no exceptional circumstances that warrant considering the issue Beth Rivka has raised for the first time on appeal.

## III.  CONCLUSION

For the above reasons, we will affirm the order of the district court.

---

have twice held that Beth Rivka is solely liable for the reversionary payment. Accordingly, as a theoretical matter, it seems to us that Machne Israel is the party harmed by the district court's imposition of joint and several liability.  Therefore, it may be that the appropriate party to raise the issue of joint and several liability is Machne Israel, not Beth Rivka.  Indeed, Machne Israel attempted to seek relief from the Enforcement Order by way of a petition for mandamus, which we denied. *See* n.7, *supra*.