

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-4-2007

# USA v. $487,825.00 US Curr

Precedential or Non-Precedential: Precedential

Docket No. 06-3138

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. $487,825.00 US Curr" (2007). *2007 Decisions.* Paper 1044.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1044

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-3138

UNITED STATES OF AMERICA

v.

$487,825.00 IN UNITED STATES CURRENCY

*DAVID AGUASVIVA,

Appellant

*(Pursuant to Rule 12(a), F.R.A.P.)

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 05-cv-02841)
District Judge: Hon. Jose L. Linares

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 12, 2007

BEFORE: SMITH and  COWEN, Circuit Judges
and YOHN*, District Judge

(Filed May 4, 2007)

*Honorable William H. Yohn Jr., Senior United States District
Judge for the Eastern District of Pennsylvania, sitting by
designation.

1

Ramon A. Pagan, Esq.
Law Offices of Ramon W. Pagan
2116 Williamsbridge Road
Bronx, NY 10461

Counsel for Appellant David Aguasviva

Jafer Aftab, Esq.
Office of the United States Attorney
970 Broad Street, Room 700
Newark, NJ 07102

Counsel for Appellee United States of America

---

OPINION

---

COWEN, Circuit Judge.

This forfeiture proceeding concerns $487,825 that the government seized from David Aguasviva. The District Court entered a default judgment for the government, and Aguasviva appeals. We will affirm.

I.

During a traffic stop of Aguasviva, officers of the Palisades Parkway Interstate Police in New Jersey discovered $487,825 in United States currency in Aguasviva's vehicle. An ion test was conducted on the currency, which indicated that it had been around large quantities of cocaine.[1]

On February 7, 2005, the government commenced an administrative forfeiture proceeding against the currency. The government terminated that proceeding upon receiving a claim

---

[1] Aguasviva disputes this point, and it is stated here for purposes of background only.

form from Aguasviva, and soon thereafter began a civil forfeiture proceeding. On June 2, 2005, the government filed a verified complaint for forfeiture *in rem* and a warrant for arrest *in rem*, and on June 21, 2005, mailed the complaint and warrant to Aguasviva, through his attorney. The warrant specifically informed Aguasviva that pursuant to Rule C(6)(a) of the Supplemental Rules for Certain Admiralty and Maritime Claims, Federal Rules of Civil Procedure ("Rule C(6)(a)"), he was required to file a verified statement of interest within 30 days if he desired to intervene in the forfeiture proceeding. Thus, Aguasviva had until approximately July 21, 2005, to file a verified statement of interest.

The government received no response from Aguasviva, and on September 23, 2005, filed a motion for the entry of default judgment. On October 19, 2005, Aguasviva filed what he labeled a "notice of claim and verified answer." On the same day, his attorney filed an affirmation that argued that the motion for default judgment should be denied because Aguasviva's possession of the money was related to his legitimate business activities.

The District Court ultimately granted a default judgment to the government, and Aguasviva now appeals.[2]

## II.

Aguasviva argues that the District Court erred in granting a default judgment to the government because his late filings did not prejudice the government, he did not engage in culpable conduct, and he possesses a litigable defense. However, as the District Court concluded, Aguasviva failed to comply with the

---

[2] We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the District Court's entry of a default judgment for an abuse of discretion, *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984), and we exercise plenary review over the legal question of whether Aguasviva has standing to contest the forfeiture, *United States v. Contents of Accounts Nos. 3034504504 & 144-07143*, 971 F.2d 974, 984 (3d Cir. 1992).

procedural strictures of Rule C(6)(a) and 18 U.S.C. § 983(a)(4)(A), and thus lacks statutory standing to intervene in the forfeiture proceeding.

In order to stand before a court and contest a forfeiture, a claimant must meet both Article III and statutory standing requirements. *United States v. $8,221,877.16 in U.S. Currency*, 330 F.3d 141, 150 n.9 (3d Cir. 2003). To establish statutory standing in a forfeiture case, the claimant must comply with the procedural requirements set forth in Rule C(6)(a) and § 983(a)(4)(A). *Contents of Accounts Nos. 3034504504 & 144-07143*, 971 F.2d at 984. The most significant requirement is that the claimant must timely file a verified statement of interest, as required by Rule C(6)(a). *See $8,221,877.16 in U.S. Currency*, 330 F.3d at 150 n.9. The verified statement must "describe the [claimant's] interest in the property." Rule C(6)(a)(ii).

The requirement that the claimant file a timely verified statement serves two purposes. First, it forces claimants "to come forward as quickly as possible after the initiation of forfeiture proceedings, so that the court may hear all interested parties and resolve the dispute without delay." *$8,221,877.16 in U.S. Currency*, 330 F.3d at 150 n.9 (internal quotation marks omitted). Second, it "minimize[s] the danger of false claims by requiring claims to be verified or solemnly affirmed." *Id.* For these reasons, the requirement "is no mere procedural technicality." *United States v. $23,000 in U.S. Currency*, 356 F.3d 157, 163 (1st Cir. 2004); *see also United States v. Commodity Account No. 549 54930*, 219 F.3d 595, 597 (7th Cir. 2000) ("[V]erification is an essential element of any claim because of the substantial danger of false claims." (internal quotation marks omitted)). A claimant who fails to file a verified statement has no standing to contest a forfeiture. *See $8,221,877.16 in U.S. Currency*, 330 F.3d at 150 n.9; *see also United States v. 8136 S. Dobson Street*, 125 F.3d 1076, 1072 (7th Cir. 1997) ("If no claim is filed, a putative claimant lacks standing to contest a forfeiture." (internal quotation marks omitted)). Courts have repeatedly emphasized that forfeiture claimants must strictly adhere to the filing requirements to perfect standing. *See, e.g.*, *United States v. One-Sixth Share Of*

*James J. Bulger In All Present & Future of Mass Millions Lottery Ticket No. M246233*, 326 F.3d 36, 41-42 (1st Cir. 2003) (claimant's failure to file timely claim sufficient to disqualify him from intervening); *United States v. Real Property*, 135 F.3d 1312, 1316-17 (9th Cir. 1998) (collecting cases where courts "conditioned a person's standing to contest forfeiture or garnishment actions on strict compliance with filing requirements").

Here, Aguasviva did not file a verified statement, timely or not. His only filing in the civil forfeiture proceeding occurred on October 19, 2005 – well more than 30 days after the government served its complaint – when he filed what he titled a "notice of claim and verified answer." The careful labeling of the document makes it evident that if this document contains a claim, the claim was not verified. Further, despite the label's reference to a claim, the document contains no description of Aguasviva's interest in the property, which Rule C(6)(a) requires of verified statements. Instead, the document merely denies the allegations made by the government in its complaint. Thus, there is no question that this document is not a verified statement.

Nor does the affirmation filed by Aguasviva's attorney qualify as a verified statement. Most simply, the affirmation does not purport to serve as a verified statement. It presents, instead of a description of Aguasviva's interest in the property, legal argument in opposition to the government's motion for a default judgment.[3] Further, while an attorney may file a verified statement for a client, the attorney "must state the authority to

---

[3] The content of the affirmation caused the District Court to strike it pursuant to District of New Jersey Local Rule 7.2(a), which states that affidavits are restricted to statements of fact and may not contain argument of facts and law. The affirmation here contains almost entirely argument: it sets forth the applicable standard for entering a default judgment, and argues that that standard was not met. Thus, the District Court acted within its discretion in striking the affirmation, and the affirmation could not serve as a verified statement.

file a statement of right or interest on behalf of another." Rule C(6)(a)(iii). The affirmation contains no such statement.[4]

Because of the important interests served by requiring a verified statement, district courts are entitled to insist upon procedural regularity. Here, Aguasviva altogether failed to file a verified statement. Accordingly, it was within the Court's discretion to enter default judgment for the government.

## III.

For the foregoing reasons, the judgment of the District Court entered on May 25, 2006, will be affirmed.

---

[4] Even if the affirmation could overcome all of the obstacles discussed here and qualify as a verified statement, it was still not filed timely.