GLD-283                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2174
_____

UNITED STATES OF AMERICA

v.

$102,535.00 IN UNITED STATES CURRENCY,

Angie Morgan, Appellant.*

* pursuant to Fed. R. App. pro. 12(a)
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civ. No. 2-08-cv-01338)
District Judge: Honorable David S. Cercone
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
September 13, 2012

Before: FUENTES, GREENAWAY, JR. and BARRY, <u>Circuit</u> <u>Judges</u>

(Opinion filed: September 27, 2012)

_____

OPINION
_____

PER CURIAM

Appellant Angie Morgan appeals the District Court's order denying her post-judgment motion in opposition to civil forfeiture. For the reasons that follow, we will summarily affirm.

The Drug Enforcement Administration ("DEA") and local law enforcement investigated Morgan, her sister Jody Taylor, and others in connection with the illegal distribution of controlled substances in violation of 21 U.S.C. §§ 841(a)(1) and 846. Morgan was indicted in 2006 in the United States District Court for the Western District of Pennsylvania at D.C. Crim. No. 06-cr-00245.[1] On March 6, 2008, local law enforcement executed a search warrant at Taylor's residence. The search resulted in the seizure of $102,535.00 in United States currency.

On September 25, 2008, the United States filed a Verified Complaint for Forfeiture against the $102,535.00 in the Western District, and, on November 19, 2008, the Verified Complaint and Warrant of Arrest In Rem were served on Morgan and Taylor individually. Taylor, through counsel, filed a verified claim to the seized property on December 23, 2008. On December 24, 2008, Morgan, proceeding pro se, filed an Answer to the complaint, and, on February 23, 2009, she filed an item titled "Verified Claim to Oppose Forfeiture of Defendant Currency." The District Court subsequently granted the Government's motion to strike Morgan's pro se Answer and certain other items she had filed. Taylor never answered the complaint, thus abandoning her claim.

---

[1] Morgan would eventually plead guilty and be sentenced on these charges to a term of imprisonment.

On February 3, 2011, the Government filed a final motion for forfeiture of the $102,535.00, claiming that the money was forfeitable pursuant to 21 U.S.C. § 881(a)(6). In a judgment entered on February 9, 2011, the District Court ordered that the money be forfeited to the United States free and clear of all right, title and interest of any person or entity, including and without limitation, Jody Taylor and Angie Morgan. Possibly not realizing that a Final Order of Forfeiture had been entered on the docket, Morgan then filed another Answer to the complaint on February 18, 2011. Neither Morgan nor Taylor timely appealed the Final Order of Forfeiture.

Over ten months later, on December 27, 2011, Morgan filed a pro se item titled "Opposition to Civil Forfeiture Action," challenging the Final Order of Forfeiture and requesting a hearing. Morgan also filed an untimely notice of appeal from the Final Order of Forfeiture.[2] After the Government submitted a response to the "Opposition to Civil Forfeiture Action," asserting that Morgan lacked standing to challenge the Final Order of Forfeiture, the District Court, in an order entered on March 14, 2012, denied this post-judgment motion. The District Court held that Morgan lacked standing because she had failed to file a timely, verified statement of interest. Although she filed a "Verified Claim, etc." on February 23, 2009, the item was not filed within 35 days after she received notice of the forfeiture action, and it was not verified under penalty of perjury.

---

[2] Our Clerk eventually dismissed Morgan's untimely appeal for failure to prosecute, see C.A. No. 12-1019.

Morgan appeals.  We have jurisdiction under 28 U.S.C. § 1291.[3]  The parties were advised that we might act summarily to dispose of the appeal, and our Clerk granted Morgan leave to appeal in forma pauperis and advised her that the appeal was subject to summary dismissal under 28 U.S.C. § 1915(e)(2)(B) or summary affirmance under Third Cir. LAR 27.4 and I.O.P. 10.6.  She was invited to submit argument in writing, and she has done so.  Under Third Circuit LAR 27.4 and I.O.P. 10.6, we may summarily dispose of an appeal when it clearly appears that no substantial question is presented by the appeal.  We exercise plenary review over the legal question of whether Morgan has standing to contest the forfeiture.  See United States v. Contents of Accounts Nos. 3034504504 & 144-07143, 971 F.2d 974, 984 (3d Cir. 1992).

We will summarily affirm the District Court's order denying Morgan's post-judgment motion in opposition to civil forfeiture.  In order for Morgan to have statutory standing to challenge the civil forfeiture action, she must comply with the requirements set forth in the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, particularly Supp. R. G(5)(a)(i).  The most important requirement is the timely filing of a verified statement of interest.  See United States v. $487,825.00 in United States Currency, 484 F.3d 662, 664 (3d Cir. 2007).  The timely filing of a verified statement of interest allows the court to hear all interested parties and to resolve the dispute without delay, and it also minimizes the danger of false claims.  See id. at 664-65.

---

[3] The District Court addressed Morgan's post-judgment motion on the merits and did not construe it as an untimely motion for reconsideration.  The motion was proper under Fed. R. Civ. Pro. 60(b), and Morgan timely filed her notice of appeal within 60 days of the order denying it, Fed. R. App. Pro. 4(a)(1)(B).

We have emphasized that forfeiture claimants must strictly adhere to the filing requirements to perfect statutory standing. See id. at 665.

The United States served Morgan on November 19, 2008, and she then had thirty-five (35) days in which to file a verified statement of interest, see Supp. R. G(4)(b)(ii)(B) ("The notice must state: *** (B) a deadline for filing a claim, at least 35 days after the notice is sent."). Instead of timely filing a verified claim, Morgan filed an Answer to the complaint. The Answer did not satisfy the requirements of a verified claim. Although Morgan asserted in this Answer that she and Taylor owned the $102,535.00, Morgan did not verify under penalty of perjury that she was the lawful owner of the money, as required by Supp. R. G(5)(a)(i). She did not verify her claim by, for example, stating her understanding that any false statements she made were subject to the penalties of 18 Pa. Cons. Stat. Ann. § 4904 relating to unsworn falsification to authorities. "[V]erification is an 'essential element of any claim because of the substantial danger of false claims.'" United States v. Commodity Account No. 549 54930, 219 F.3d 595, 597 (7th Cir. 2000) (quoting United States v. U.S. Currency in the Amount of $103,387.27, 863 F.2d 555, 559 (7th Cir. 1988)). On February 23, 2009, Morgan attempted to file the required verified statement of interest, but, as explained by the District Court, the February 23, 2009 statement was untimely, and again, in it, Morgan did not verify her claim of ownership under penalty of perjury.

Morgan has argued in her summary action response that the Government improperly delayed in bringing the civil forfeiture action, but, even assuming that there was some delay, it plainly did not affect Morgan's ability to timely file a verified

5

statement of interest, nor does she allege that it did. Federal Rule of Civil Procedure 60(b) provides for relief from a judgment under certain limited circumstances, but there was no basis here for the District Court to grant Morgan's post-judgment motion to reopen the civil forfeiture judgment.

For the foregoing reasons, we will summarily affirm the order of the District Court denying Morgan's post-judgment motion in opposition to civil forfeiture.