RILEY, Chief Judge,
dissenting.
. Because I agree with the district court’s well-reasoned decision, I respectfully dissent.
A. Injunction
The majority correctly recognizes “that the government need not appear in [a] limitation proceeding at all to assert its claims when those claims are not subject to the Limitation Act,” ante at 844, but incorrectly implies that the government’s appearance in this limitation proceeding was, therefore, futile. The actual language used in the limitation injunction issued in this case states:
IT IS ... ORDERED that notice be given to all persons asserting any claims with respect to the [March 6, 2011 allision] in-which the United States of America [] claims to have sustained damage to structures appurtenant to Lock and Dam 25. The court further admonishes all such parties to file their respective claims with the Clerk of this *845 Court ... on or before the 15th day of June, 2011; and
IT IS FURTHER ORDERED ... that the institution and/or prosecution of any suits, actions or legal proceedings of any nature or description whatsoever in any court whatsoever, against [Artco] and/or the M/V Julie White in respect of any claim arising out of or connected with the [March 6, 2011 allision], except in this proceeding, are hereby stayed and restrained.
(Emphasis added).
Far from leaving the government free to initiate a suit “not subject to the Limitation Act,” ante at 844, in a different proceeding, the all-encompassing language of the injunction prohibited the government from doing so except in “this proceeding.” The injunction prohibited collateral in per-sonam proceedings against Artco and in rem proceedings against the Julie White, enjoining all claims “whatsoever.” This language was so sweeping the government reasonably could conclude the injunction applied to claims under 33 U.S.C. § 408. Rather than “ ‘serving] no purpose while unduly complicating the proceedings,’ ” ante at 844 (quoting United States v. CF Indus., Inc., 542 F.Supp. 952, 957 (D.Minn. 1982)), the government’s participation in this case served the purpose of freeing the government from a burdensome injunction[2] and of eliminating the prospect of unduly complicated collateral proceedings.[3]
B. Standing
Even though the injunction placed a substantial burden on the government, the majority concludes the government lacked statutory standing to challenge the injunction. I disagree.
1. Statutory Standing
There is an elemental flaw in the majority’s “conclu[sion] that [Federal Rules of Civil Procedure Supplemental] Rule F(5) creates statutory standing requirements for challenging limitation actions.” Ante at 842 (emphasis added). Rule F(5) is not a statute. It is a court-created procedural rule. See 28 U.S.C. § 2072(a) (“The Supreme Court shall have the power to prescribe general rules of practice and procedure.” (emphasis added)); Sib-bach v. Wilson & Co., 312 U.S. 1, 9-10, 61 S.Ct. 422, 85 L.Ed. 479 (1941) (“Congress has undoubted power to regulate the practice and procedure of federal courts, and may exercise that power by delegating to this or other federal courts authority to make rules not inconsistent with the statutes or Constitution of the United States.” (emphasis added) (footnotes omitted)); cf, e.g., Black’s Law Dictionary 1448 (8th ed.2004) (defining “statute” as “[a] .law passed by a legislative body” (emphasis added)). A specific statute provides that Rule F(5), like any other procedural rule, “shall not abridge, enlarge or modify any substantive right.” 28 U.S.C. § 2072(b) (emphasis added). “[I]t is axiomatic that the Federal Rules of Civil Procedure do not create or withdraw federal jurisdiction.” Owen Equip. & Erection *846 Co. v. Kroger, 437 U.S. 365, 370, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978) (emphasis added).
Though sharing the term “standing” with its Article III counterpart, statutory standing “has nothing to do with whether there is a case or controversy under Article III.” Steel Co. v. Citizens for a Better Env’t, 523 U.S. 83, 97, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998). Rather, “statutory standing goes to the merits of the claim.” Miller v. Redwood Toxicology Lab., Inc., 688 F.3d 928, 934 (8th Cir.2012). Statutory standing asks only “whether this plaintiff has a cause of action under the statute.” Steel Co., 523 U.S. at 97 n. 2, 118 S.Ct. 1003; see also In re Athens/Alpha Gas Corp., 715 F.3d 230, 235 (8th Cir.2013) (“[BJecause the merits inquiry and the statutory standing inquiry often overlap, ... it would be artificial to draw a distinction between the two.”). Thus, “ ‘[sjtatuto-ry standing is simply statutory interpretation.’ ” Miller, 688 F.3d at 934 (quoting Graden v. Conexant Sys., Inc., 496 F.3d 291, 295 (3d Cir.2007)). Statutory standing depends on the statute.
The majority analogizes the “purpose,” “structure[,J and procedures” of Rule F(5) to those of Rule G(5) and former Rule C(6)[4] Ante at 843. The majority’s analogy ignores the critical distinction between Rule F(5) and these rules. Existing Rule G(5) and former Rule C(6) reflect statutory standing flowing from actual statutes. See 18 U.S.C. § 983(a)(4)(A); 21 U.S.C. § 881(d). Rule G(5) and former Rule C(6) do not create statutory standing requirements independent from these statutes. See Via Mat Int’l S. Am. Ltd. v. United States, 446 F.3d 1258, 1264 (11th Cir.2006) (explaining “[s]tatutory standing under Rule C(6) is not inherent to all forfeiture actions; it is only required if specifically invoked by statute" (emphasis added)); see also, e.g., United States v. $187,825.00, 484 F.3d 662, 664 (3d Cir.2007) (“To establish statutory standing in a forfeiture case, the claimant must comply with the procedural requirements set forth in Rule C(6)(a) and § 983(a)(4)(A).”); United States v. $38,000.00, 816 F.2d 1538, 1545 n. 13 (11th Cir.1987) (holding “judicial forfeitures are governed by the Supplemental Rules” because of § 881(d)). Rule G(5) and former Rule C(6) are procedural rules which alone cannot create statutory requirements. It is only because these rules apply the statutory requirements of 18 U.S.C. § 983 and 21 U.S.C. § 881 that a non-compliant claimant lacks statutory standing in forfeiture proceedings.
By contrast, nothing in the Limitation Act mandates compliance with Rule F(5). The Limitation Act does contain certain statutory standing requirements. See, e.g., 46 U.S.C. § 30511. But adherence to Rule F(5) is not one of them, which means Rule F(5) remains an ordinary procedural rule. It can neither confer nor withdraw statutory standing.
2. Standing To Challenge An Injunction
Even if the majority were correct that the government’s decision not to file a claim under Rule F(5) meant the government was not a party to the limitation proceeding, it is well established that “[a] nonparty normally has standing to appeal when it is adversely affected by an injunction.” In re Piper Funds, Inc., Institutional Gov’t Income Portfolio Litig., 71 F.3d 298, 301 (8th Cir.1995); see also Dev-lin v. Scardelletti, 536 U.S. 1, 6-9, 14, 122 *847 S.Ct. 2005, 153 L.Ed.2d 27 (2002) (holding nonparty class members bound by a settlement order “have the power to bring an appeal without first intervening”). As there is no doubt the government had standing to appeal the limitation injunction without subjecting itself to Rule F(5)’s cumbersome requirements for becoming a “party,” it makes no sense that the government would lack similar standing to challenge the injunction in the district court, especially given this court’s distaste for claims first litigated on appeal. See, e.g., Orr v. Wal-Mart Stores, Inc., 297 F.3d 720, 725 (8th Cir.2002).
The weight of circuit precedent agrees. See, e.g., Samnorwood Indep. Sch. Dist. v. Tex. Educ. Agency, 533 F.3d 258, 266 (5th Cir.2008) (determining a nonparty had standing to bring a declaratory judgment challenging an injunction “because the equitable relief granted by the district courts placed a burden on the challenging party which gave them a personal stake in the litigation”); United States v. Kirschen-baum, 156 F.3d 784, 794 (7th Cir.1998) (“[N]on-parties who are bound by a court’s equitable decrees have a right to move to have the order dissolved, and other circuits have held that where a non-party is purportedly bound by an injunction, the non-party may bring an appeal rather than face the possibility of a contempt proceeding.” (internal citation omitted)); In re Estate of Ferdinand Marcos Human Rights Litig., 94 F.3d 539, 544 (9th Cir.1996) (deciding a nonparty had standing where an injunction presented the nonparty “with the choice of either conforming its conduct to the dictates of the injunction or ignoring the injunction and risking contempt proceedings”).
Because the limitation injunction gave the government the choice of appearing in “this proceeding” or risking uncertain collateral litigation, Arteo essentially “ ‘haled [the government] into district court despite [the government’s] objections.’ ” Piper, 71 F.3d at 301 (quoting SEC v. Wencke, 783 F.2d 829, 834 (9th Cir.1986)). Therefore, regardless of Rule F(5), “[e]quitable considerations clearly warrant giving standing” to the government to challenge the injunction in the district court. Id.
3. Rule F(5)
Even if a non-statutory procedural rule could deprive the government of statutory standing, Rule F(5) would not do so in this case.
First, by its plain terms, Rule F(5) applies only to those filing claims in the limitation action. The first two sentences of the rule specify the requirements for asserting a claim in the limitation action, and the final sentence, like the preceding sentence, expressly applies only to “claimants],” establishing the procedure for those who have asserted “claims” in the limitation action but also wish to “contest either the right to exoneration from or the right to limitation of liability.” Fed. R.Civ.P. Supp. R. F(5) (emphasis added). The purpose of Rule F(5) plainly is to ensure that an individual who chooses to file a claim under Rule F is not thereby barred from contesting the propriety of the limitation action. Nothing in Rule F bars a person who has not asserted a claim in the limitation action (i.e., a person who is not a “claimant”) from “contest[ing] either the right to exoneration from or the right to limitation of liability” without filing a claim or answer.
Of course, a n.on-claimant may not challenge the propriety of a limitation action without having some minimum connection to the case. But the government’s minimum connection here is not Rule F(5), it is Article III and .33 U.S.C. § 408. Rule F(5) can no more destroy the standing of one who has suffered an “injury in fact” which *848 is “causal[ly] connected]” to the “conduct complained of’ and “likely” to “be redressed by a favorable decision,” than it can confer standing on one who seeks a “speculative” remedy for a “conjectural” injury caused by “the independent action of some third party.” Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992) (internal quotations and citations omitted).
Second, a Rule 12(b)(6) motion to dismiss “must be made before pleading if a responsive pleading is allowed.” Fed. R.Civ.P. 12(b)(6) (emphasis added). If Rule F(5) required the government to file an answer (i.e., a responsive pleading) before filing a Rule 12(b)(6) motion, as the majority suggests, then the government could never file a Rule 12(b)(6) motion. Such an interpretation of Rule F(5) would give vessel owners free reign to commence limitation actions with ill-pled complaints. Cf Fed.R.Civ.P. Supp. R. G(5)(b) (requiring a claimant to file “an answer to the complaint or a motion under Rule 12 ” (emphasis added)).
Although the Supplemental Rules contain numerous specific pleading requirements, see, e.g., Fed.R.Civ.P. Supp. R. B(l)(a), C(2), the Supplemental Rules contain no indication that admiralty and maritime claims are exempt from general federal pleading rules, see Fed.R.Civ.P. 8. To the contrary, “[t]he Federal Rules of Civil Procedure also apply to [admiralty and maritime claims] except to the extent they are inconsistent with the[] Supplemental Rules.” Fed.R.Civ.P. Supp. R. A(2). Rule F(2)’s specific pleading requirements are in no way inconsistent with Rule 8(a)’s general requirements. A complaint filed under Rule F(2) must contain “enough heft to ‘sho[w] that the pleader is entitled to relief,’ ” Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (alteration in original) (quoting Fed.R.Civ.P. 8(a)(2)). And Rule 12(b)(6) authorizes motions to dismiss for “failure to state a claim upon which relief can be granted,” permitting the government to test the legal sufficiency of the pleadings contained “within the four corners of [the] complaint.” Ashcroft v. Iqbal, 556 U.S. 662, 674, 129 S.Ct. 1937, 173. L.Ed.2d 868 (2009). Challenging the legal sufficiency of Artco’s complaint is precisely what the government sought to do in this case.[5] Nothing in Rule F could deny the government standing to do so.
C. Conclusion
Because (1) the government had standing to challenge the limitation injunction by moving to dismiss under Rule 12(b)(6) and (2) the government’s 33 U.S.C. § 408 claim against Artco is not subject to the Limitation Act,[6]1 would affirm.

. That is an injunction which exceeded the district court’s authority under the Limitation Act, 46 U.S.C. §§ 30501-30512. Compare District Court Order, March 29, 2011, at 2 (enjoining in rem suits against "the M/V Julie White”), with 46 U.S.C. § 30505 (limiting only the in personam liability of "the owner of a vessel” (emphasis added)).

. This is not to say the government was required to intervene before filing a collateral suit under 33 U.S.C. § 408, but it'was certainly reasonable and appropriate for the government to do so given the risk of contempt proceedings if it ignored and then violated the injunction.'

. "The in rem forfeiture Supplemental Rules were renumbered in 2006. The provisions that are now located in Rule G were previously located in Rule C(6). Thus, the older cases discuss adherence to Rule C(6).” United States v. $22,050.00, 595 F.3d 318, 322 n. 4 (6th Cir.2010).

. The best reading of Rule F(5), which harmonizes Rule F with Rulé 8 and the "well-pleaded complaint” requirement, Twombly, 550 U.S. at 556-57, 127 S.Ct. 1955, is that an answer is required to contest whether there is a genuine factual dispute related to "the right to exoneration from or the right to limitation of liability”—akin to a motion for summary judgment—whereas an answer is not required to contest whether the Rule F(2) complaint, based solely on the assertions contained therein, is sufficient "to state a claim to relief that is plausible on its face,” Twombly, 550 U.S. at 570, 127 S.Ct 1955.

. The district court's conclusion that 33 U.S.C. § 408 gives the government an in per-sonam remedy against Artco was a straightforward application of Wyandotte Transp. Co. v. United. States, 389 U.S. 191, 88 S.Ct. 379, *849 19 L.Ed.2d 407 (1967), consistent with the relevant agency’s regulations, see 33 C.F.R. § 209.170(e), and our court’s longstanding practice, see, e.g., United States v. Capital Sand Co., 466 F.3d 655, 658 (8th Cir.2006)(affirming § 408 liability against a vessel owner); United States v. Am. Commercial Barge Line Co., 988 F.2d 860, 861-62 (8th Cir.1993) ("Under the Rivers and Harbors Act of 1899, the Company is strictly liable for the damage the [vessel] and its barges caused to the gate. This point was never contested.”); United States v. Logan & Craig Charter Serv., Inc., 676 F.2d 1216, 1219 (8th Cir.1982) (“It is well recognized that private parties are strictly liable for damage to works protected under section 408.”).