ALD-193                                                     NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3317
_____

UNITED STATES OF AMERICA,
                                        Appellant

v.

$10,000 IN UNITED STATES CURRENCY

Peter Manna, Appellant*
*(Pursuant to Rule 12(a), Fed. R. App. R.)
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 13-cv-05970)
District Judge:  Honorable Jose L. Linares
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 7, 2015

Before:  RENDELL, CHAGARES and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  June 3, 2015)
_____

OPINION[*]
_____

PER CURIAM

Appellant Peter Manna appeals pro se from District Court orders granting the Government's motion for default judgment and for a final order of forfeiture, and denying his motion for reconsideration, in this civil *in rem* forfeiture action. For the foregoing reasons, we will summarily affirm.

Federal authorities investigated Manna for a variety of illegal activities, including drug distribution, dealing in contraband cigarettes, and firearms offenses. In March 2009, the Government seized $10,000 during an inventory search of a vehicle that Manna had been driving when he was arrested. During the course of criminal proceedings, the currency was administratively forfeited. Ultimately, Manna pleaded guilty to drug and firearms offenses in exchange for the dismissal of other charges, including those related to dealing in contraband cigarettes.

After he was sentenced, Manna filed a motion in his criminal case for return of the $10,000 pursuant to Federal Rule of Criminal Procedure 41(g). The District Court treated the 41(g) motion as a motion to set aside the administrative forfeiture under 18 U.S.C. § 983(e). Recognizing the Government's admission that it failed to provide Manna with written notice of the forfeiture at his place of incarceration, the District Court effectively granted the § 983(e) motion on July 10, 2013. See § 983(e) (pertaining to motions to set aside civil forfeitures); see also Langbord v. United States Dep't of the Treasury, -- F.3d --, 2015 WL 1741451, at *7 (3d Cir. Apr. 17, 2015) (stating that

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

"§ 983(e)(1) . . . provides a remedy in any nonjudicial civil forfeiture proceeding in which the Government was required but failed to give notice of its intent to pursue forfeiture.").  The District Court ordered that the declaration of forfeiture be set aside, and directed the Government to either commence a subsequent forfeiture proceeding or return the currency to Manna.  § 983(e)(2)(A).

On October 8, 2013, the Government initiated a separate judicial forfeiture action against the $10,000 by filing a verified complaint.  See 18 U.S.C. § 981(a)(1)(C) (subjecting to forfeiture to the United States any property, real or personal, that constitutes or is derived from proceeds traceable to a violation of certain "specified unlawful activity," including trafficking in contraband cigarettes under 18 U.S.C. § 2342); cf. United States v. One Assortment of 89 Firearms, 465 U.S. 354, 361 (1984) ("clarify[ing] that neither collateral estoppel nor double jeopardy bars a civil, remedial forfeiture proceeding initiated following an acquittal on related criminal charges.").  The Government notified Manna on October 18, 2013, that "any person claiming an interest in . . . [the currency] must file" a verified statement of interest "by November 22, 2013 . . . ."  Manna did not file a verified statement of interest.  Instead, on November 22, 2013, Manna filed a motion for summary judgment in his criminal case.

On January 16, 2014, the Government filed a motion for entry of default judgment and final order of forfeiture.  See Fed. R. Civ. P. 55.  Manna filed two documents on February 7, 2014:  (1) a motion to dismiss the forfeiture action or to consolidate it with his criminal case, and (2) a verified statement of interest.  Shortly thereafter, Manna filed

3

a response in opposition to the Government's motion for a default judgment. By order entered February 24, 2014, the District Court granted the Government's motion for a default judgment, stated that "[n]o right, title or interest in the . . . currency shall exist in any other party," and entered a final order of forfeiture. In that order, the District Court stated that Manna lacked standing to contest the forfeiture because his verified statement, filed on February 7, 2014, was untimely. The District Court also concluded that Manna's motion for summary judgment, filed in his criminal case, did not meet the requirements for a verified statement, and held that there was no basis to consolidate the civil forfeiture action and Manna's criminal case.

Manna filed a timely motion for reconsideration, arguing that the filing of a Rule 41(g) motion in his criminal case rendered the subsequent civil forfeiture action a violation of his due process rights and distinguished his case from those requiring the timely filing of a verified statement of interest. The District Court denied the motion for reconsideration. Manna appealed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the legal question whether Manna has standing to contest the forfeiture. United States v. Contents of Accounts Nos. 3034504504 & 144-07143, 971 F.2d 974, 984 (3d Cir. 1992). Our we review of the District Court's entry of a default judgment, and its denial of reconsideration, is for an abuse of discretion. United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 195 (3d Cir. 1984); Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F. 3d 669, 673 (3d Cir. 1999).

4

The District Court properly held that Manna lacked standing to challenge the forfeiture because he did not timely file a verified statement of interest. A claimant seeking to contest a forfeiture must meet Article III and statutory standing requirements. United States v. $8,221,877.16 in U.S. Currency, 330 F.3d 141, 150 n.9 (3d Cir. 2003). In particular, the claimant must demonstrate an interest in the property sufficient to create a "case or controversy" and must comply with the procedures outlined in 18 U.S.C. § 983(a)(4)(A) and the Supplemental Rules for Certain Admiralty and Maritime Claims. Id.; Contents of Accounts Nos. 3034504504 & 144-07143, 971 F.2d at 984. "The most significant requirement is that the claimant must timely file a verified statement of interest . . . ." United States v. $487,825.000 in U.S. Currency, 484 F.3d 662, 664 (3d Cir. 2007). A claimant who fails to timely file a verified statement lacks standing to contest the forfeiture. Id. at 665 (stating that "[c]ourts have repeatedly emphasized that forfeiture claimants must strictly adhere to the filing requirements to perfect standing.").

Here, the Government sent notice of the forfeiture to Manna on October 18, 2013, requiring that any verified statement of interest be filed by November 22, 2013. See Supp. R. Certain Adm. & Mar. Cl. G(5)(a)(ii)(A) & G(4)(b)(ii)(B) (providing deadlines for filing a claim); see also 18 U.S.C. § 983(a)(4)(A) (stating that a person may claim an interest in seized property in a "manner set forth in the [Supplemental Rules]"). Manna's verified statement, filed on February 7, 2014, clearly was untimely. Although Manna did file a motion for summary judgment in his criminal case by the November 22, 2013, deadline set forth in the Government's notice, the District Court properly held that that

5

motion did not qualify as a verified statement of interest because Manna did not state, under penalty of perjury, that he was the lawful owner of the money. Supp. R. G(5)(a)(i)(C) (requiring claims to be "signed by the claimant under penalty of perjury"); see also United States v. Commodity Account No. 549 54930, 219 F.3d 595, 597 (7th Cir. 2000) (stating that "[v]erification forces the claimant to place himself at risk of perjury for false claims, and the requirement of oath or affirmation is not a mere technical requirement that we easily excuse."). Because Manna did not timely file a verified statement of interest, he lacked standing to contest the forfeiture. Accordingly, the District Court properly granted the Government's motion for a default judgement and entered a final order of forfeiture against the currency.

In addition, the District Court did not abuse its discretion in denying Manna's motion for reconsideration. In that motion, Manna argued that the filing of the Rule 41(g) motion in his criminal case rendered the subsequent civil forfeiture action a violation of his due process rights. Manna cites no relevant support for this proposition, and he has not demonstrated that he was deprived of notice or an opportunity to be heard. United States v. James Daniel Good Real Property, 510 U.S. 43, 48-49 (1993). Indeed, Manna confirmed that he received the verified complaint. Manna also asserted that the Rule 41(g) motion distinguished his case from those requiring a forfeiture claimant to timely file a verified statement of interest. But Manna pointed to no authority indicating that the statutory standing requirements are removed when, as effectively occurred here, civil forfeiture proceedings are substituted for an action under Rule 41(g). Cf. De

Almeida v. United States, 459 F.3d 377, 382 (2d Cir. 2006) (noting that "[o]ther Circuits have . . . held that a pending administrative or civil forfeiture proceeding affords an adequate remedy at law and thereby justifies dismissal of the Rule 41(g) motion.").

For the foregoing reasons, we will summarily affirm the judgment of the District Court.