NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1277
_____

UNITED STATES OF AMERICA
v.
ONE 1962 AERO TWIN COMMANDER 500B, TAIL NO. N37CK, SERIAL NO.
500A-1251-76,

Russell Robinson,
Appellant
_____

On Appeal from the District Court
for the Virgin Islands
(D.C. Civil No. 3:22-cv-00041)
District Judge: Honorable Robert A. Molloy
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
December 11, 2024

Before: CHAGARES, *Chief Judge*, MONTGOMERY-REEVES and FISHER,
*Circuit Judges*.

(Filed: January 3, 2025)

_____

OPINION[*]
_____

FISHER, *Circuit Judge*.

_____

   [*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

Russell Robinson is a claimant in this civil forfeiture proceeding involving the defendant property, an aircraft. The Government asserts that Robinson taxied the aircraft across a runway of an airport while not properly licensed, in violation of federal law, subjecting the aircraft to forfeiture. The United States began the proceeding by filing a complaint in District Court. After striking Robinson's claim contesting the forfeiture, the District Court entered a forfeiture judgment for the United States and denied Robinson's subsequent motion to alter or amend the judgment. Robinson appeals pro se the judgment of forfeiture and the order denying the motion to alter or amend the judgment. Because Robinson does not address the District Court's conclusion that he lacked statutory standing as a claimant, he forfeits a dispositive issue. We will affirm.[1]

"In order to stand before a court and contest a forfeiture, a claimant must meet both Article III and statutory standing requirements."[2] The District Court first concluded that Robinson lacked Article III standing because he failed to produce sufficient evidence of ownership in the aircraft. It found that the documents he submitted only suggested that the owner was Taj Leasing, Inc., a company that Russell claimed to have invested in and incorporated to acquire the aircraft, and of which he asserted he was an officer. The District Court said that, even if Robinson were an officer or sole shareholder of Taj

---

[1] The District Court had jurisdiction over the defendant property under 28 U.S.C. § 1331 (federal questions). We have jurisdiction under 28 U.S.C. § 1291 (final decisions of district courts).

[2] *United States v. $487,825.00 in U.S. Currency*, 484 F.3d 662, 664 (3d Cir. 2007).

Leasing, Inc., he still lacked Article III standing because those positions do not convey legal ownership. The District Court also concluded that Robinson lacked statutory standing, finding that he "failed to assert his interest in the property at issue 'in the manner set forth in the Supplemental Rules,'18 U.S.C. § 983(a)(4)(A)."[3] According to the District Court, none of his pleadings qualified as an answer to the Government's complaint or a pre-answer motion to dismiss, and they were also untimely.

We exercise de novo review of Robinson's standing to contest forfeiture because it is a question of law.[4] But the District Court's factual findings "that underlie its legal conclusion as to standing cannot be set aside unless they are clearly erroneous."[5]

Robinson contests only an evidentiary finding about Article III standing. He argues that a document issued by the Federal Aviation Administration listing the aircraft registered to Taj Leasing, Inc. does not determine its ownership for the purposes of Article III standing. While this may be true, it is Robinson's evidentiary burden to demonstrate that he has Article III standing to contest forfeiture.[6] Here, he is not arguing on an affirmative basis that he has standing, only that Taj Leasing, Inc. is not an owner. This does not advance Robinson's overall challenge to the District Court's findings, but subject matter jurisdiction cannot be waived or forfeited and "courts have an independent

---

[3] JA67.
[4] *See United States v. Contents of Accts. Nos. 3034504504 & 144-07143 at Merrill, Lynch, Pierce, Fenner & Smith, Inc.*, 971 F.2d 974, 984 (3d Cir. 1992).
[5] *Id.*
[6] *Id.* at 986.

obligation to satisfy themselves of jurisdiction if it is in doubt."[7]

"Article III standing requires the claimant to show an interest in the property sufficient to create a 'case or controversy'" and is "commonly associated with an inquiry into injury-in-fact, causation, [and] redressability."[8] In civil forfeiture cases, "[c]ourts generally do not deny standing to a claimant who is either the colorable owner of the [property] or who has any colorable possessory interest in it."[9] This is because an owner or possessor of property that is seized suffers an injury that can be redressed by return of the property.[10] We have held that a claimant who exercises dominion and control over property he or she does not own demonstrates a colorable possessory interest sufficient to confer standing.[11] Thus, the District Court's factual findings were erroneously based on the view that Robinson needed legal title to the aircraft to satisfy the requirements for Article III standing.[12]

---

[7] *Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 76–77 (3d Cir. 2003).

[8] *Contents of Accts. Nos. 3034504504 & 144-07143*, 971 F.2d at 984–85.

[9] *Id.* at 985.

[10] *Id.*

[11] *Contents of Accts. Nos. 3034504504 & 144-07143*, 971 F.2d at 985–86; *see also Mantilla v. United States*, 302 F.3d 182, 185 (3d Cir. 2002).

[12] Similarly, if Robinson were indeed a shareholder of Taj Leasing, Inc., he meets Article III standing requirements to contest the forfeiture because the loss of the corporation's aircraft would cause him personal financial harm. But this conclusion would not determine whether Robinson meets statutory standing or prudential standing requirements. *See Potter v. Cozen & O'Connor*, 46 F.4th 148, 157 (3d Cir. 2022) (holding that shareholders are barred from suit as a prudential matter but have Article III standing); *see also United States v. M/Y Galactica Star*, 13 F.4th 448, 455–56 (5th Cir. 2021) (holding that a shareholder had Article III standing to contest the forfeiture of a corporation's asset but not statutory standing).

Here, the record demonstrates Robinson's colorable possessory interest in the aircraft. First, he operated the aircraft when he taxied it to the parking apron. Second, the investigating agent's affidavit attached to the Government's complaint claimed that Robinson had a "principal stake in the aircraft" and he used Taj Leasing, Inc. "as a shell company to disguise his ownership."[13] Robinson may not have held legal title to the aircraft, but he exercised dominion and control over it. Thus, he has Article III standing to contest the forfeiture.[14]

Next, we consider the issue of statutory standing. Robinson's opening brief does not address the District Court's conclusion that he lacked statutory standing. The Government argues that Robinson's failure to discuss statutory standing constitutes a forfeiture that dooms his appeal. In his reply, Robinson only notes that "subject matter jurisdiction can never be waived, and can be raised at any stage of the proceedings."[15]

Statutory standing is not a jurisdictional issue.[16] Where statutory standing concerns a plaintiff's power to bring claims, Article III standing (which is one facet of

---

[13] JA27.

[14] In general, we have a duty to "correct any legal error infecting" factual findings. *U.S. Bank Nat'l Ass'n ex rel. CWCapital Asset Mgmt. LLC v. Vill. at Lakeridge, LLC*, 583 U.S. 387, 398 n.7 (2018). Because the record only permits the finding that Robinson has a colorable possessory interest in the aircraft, we need not remand the case to the District Court for further evidentiary review. *See Bedrosian v. U.S. Dep't of the Treasury*, 912 F.3d 144, 152 (3d Cir. 2018).

[15] Reply Br. 2.

[16] *Wallach v. Eaton Corp.*, 837 F.3d 356, 363 n.9 (3d Cir. 2016).

subject matter jurisdiction) concerns our Court's power to hear them.[17] Arguments about statutory standing can be waived, and by extension, forfeited.[18] Because Robinson never raised statutory standing in his opening brief nor meaningfully addressed the issue in his reply, we deem this argument forfeited.[19] The forfeiture is fatal to his challenge because statutory standing is an independent and sufficient basis for striking his claim.[20]

For the foregoing reasons, we will affirm the District Court's judgment of forfeiture.

---

[17] *Potter*, 46 F.4th at 155.

[18] *See id.* at 156. (citing *Craig v. Boren*, 429 U.S. 190, 193–94 (1976) (concluding that arguments related to prudential standing could be waived)).

[19] *Barna v. Bd. of Sch. Dirs. of Panther Valley Sch. Dist.*, 877 F.3d 136, 146 (3d Cir. 2017) ("[W]e [will not] reach arguments raised for the first time in a reply brief or at oral argument."); *Higgins v. Bayada Home Health Care Inc.*, 62 F.4th 755, 763 (3d Cir. 2023) (concluding that an appellant who "made only passing reference to [an argument] on appeal" forfeited it).

[20] *See Nagle v. Alspach*, 8 F.3d 141, 143 (3d Cir. 1993).